FILED

2008 Mar-31  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY MORGAN**<br>**and CAROL MORGAN,** | \| | |
| | \| | |
| **PLAINTIFFS** | \| | |
| | \| | |
| **VS.** | \| | **CIVIL ACTION NO. 4:07-CV-525** |
| | \| | |
| **ELECTROLUX HOME**<br>**PRODUCTS, INC., et al.,** | \| | |
| | \| | |
| **DEFENDANTS** | \| | |

## PLAINTIFFS' LISTING OF ESSENTIAL ELEMENTS OF CLAIMS AND DEFENSES, AND SPECIAL EVIDENTIARY PROBLEMS

COME NOW the Plaintiffs, Timothy Morgan and Carol Morgan, by and through their undersigned counsel, and, pursuant to the Pretrial Order issued by this Court on December 20th, 2007, set forth the following:

1.   <u>A listing of what each party understands to be the essential elements of each plaintiffs' claims with a separate listing for each claim.</u>

      A.   <u>Breach of the Alabama Extended Manufacturer's Liability Doctrine</u>

          1.   The essential elements of the Alabama Extended Manufacturer's Liability Doctrine are:

          a.   That at all times material hereto, defendant, Electrolux Home Products, Inc., ("Electrolux"), was a designer and manufacturer of consumer lawn tractors, including the PoulanPro Lawn Tractor made the basis of this lawsuit. That at all times material hereto, defendant, Sears, Roebuck & Company, ("Sears"), was a distributor and seller of consumer lawn tractors, including the PoulonPro Lawn Tractor made the basis of this lawsuit;

b.      That Electrolux did design and manufacturer the PoulanPro Lawn Tractor made the basis of this lawsuit, including the mower decking design, and  Sears sold to the Plaintiff, Timothy Morgan, the subject lawn tractor;

c.      That the PoulanPro Lawn Tractor's mower deck design was defective;

d.      That there were no substantial change to the PoulanPro Lawn Tractor from the time it left the possession of Electrolux and Sears until it reached the Plaintiff;

e.      That Timothy Morgan was caused to be injured by the defect in the PoulanPro Lawn Tractor; and

f.      There was a safer and practical alternative design that Electrolux could have used at the time the PoulanPro Lawn Tractor was manufactured.

Plaintiffs' claim that the mower deck design was defective because the deck was designed to allow a hole in the top of the mower deck that, in the absence of the discharge chute, exposed the operator of the mower to the radius of the spinning blades.  When Plaintiff's foot came into contact with the discharge chute, the discharge chute became detached from the mower deck, thus causing the heel of Plaintiff's right foot to come into contact with the spinning mower blade. Plaintiffs' claim that the mower deck should have been designed and manufactured to cover the radius of the mower blade or properly guarded so that in the event the discharge chute became detached, there would be a guard in place to prevent the type injury sustained in the instant action.  Additionally, Plaintiffs' contend that there were no adequate warnings to alert the operator to refrain from doing as the Plaintiff did, i.e., resting his foot on the top of the discharge chute.

B.      Negligent and/or Wanton Conduct

1.      The essential elements of negligence are:

a.      Negligence is the failure to use reasonable care to prevent harm

to others. A designer and/or manufacturer and/or seller of a consumer product is negligent when it either does something that a reasonably prudent designer and/or manufacturer and/or manufacturer and/or seller of a consumer product would not do in a similar situation, or it fails to do something that a reasonably prudent designer and/or seller of a consumer product would have done in a similar situation. A manufacturer and/or designer of a consumer product which may be reasonably anticipated to be dangerous if negligently made or designed owes a duty to exercise reasonable care in the manufacture and/or design of its product so that it will be reasonably safe for its normal uses. Reasonable care means that degree of care that a reasonably prudent manufacturer and/or designer of such a product would exercise in the designing, making, inspecting, and testing of the product and the materials and parts of which it is made in order to produce a reasonably safe product.

Plaintiffs' claim that the mower deck was negligently designed because the deck was designed to allow a hole in the top of the mower deck that, in the absence of the discharge chute, exposed the operator of the mower to the radius of the spinning blades. When Plaintiff's foot came into contact with the discharge chute, the discharge chute became detached from the mower deck, thus causing the heel of Plaintiff's right foot to come into contact with the spinning mower blade. Plaintiffs' claim that the mower deck should have been designed and manufactured to cover the radius of the mower blade or properly guarded so that if the discharge chute became detached, there would be a guard in place to prevent the type injury sustained in the instant action. Additionally, Plaintiffs' contend that there were no adequate warnings regarding placing his or her foot on the discharge chute. It is self-evident that a lawn tractor used to cut grass is dangerous if negligently designed. At the time of the incident made the basis of this lawsuit, the Plaintiff was mowing grass - a normal, anticipated use for this product. A reasonably prudent designer of this product would not have designed the mower deck to have a hole in the top of it to the extent it exposed the radius of the spinning mower blade, or, in the alternative, the designer would have designed an adequate guard over the exposed hole in the event the discharge chute broke off of the mower deck, as it did in the instant case. Last, a reasonably prudent designer would have had a warning in place warning the operator not to place his or her foot on the discharge chute, as it was not a guard.

2.      The essential elements of wantonness are:

a.      the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

Plaintiffs' claim that the mower deck wantonly designed because the deck was designed to allow a hole in the top of the mower deck that, in the absence of the discharge chute, exposed the operator of the mower to the radius of the spinning blades.  When Plaintiff's foot came into contact with the discharge chute, the discharge chute became detached from the mower deck, thus causing the heel of Plaintiff's right foot to come into contact with the spinning mower blade. Plaintiffs' claim that the mower deck should have been designed and manufactured to cover the radius of the mower blade or properly guarded so that if the discharge chute became detached, there would be a guard in place to prevent the type injury sustained in the instant action.  It is self-evident to any designer of a mower deck that designing the deck in such a way to expose the operator to the radius of the spinning blades in the foreseeable event that the discharge chute becomes detached from the mower deck, it will likely or probably result in injury to the operator. There is no question that the mower deck was deliberately designed to expose the user to the spinning blades should the discharge chute become detached, as it did in this case.

C.      Negligent and/or Wanton Failure to Adequately Warn

1.      The essential elements of negligent failure to adequately warn are:

a.      The manufacturer and/or designer of a product which may be reasonably anticipated to be dangerous if used in a way which he should reasonably foresee it would be used is under a duty to exercise reasonable care to give reasonable and adequate warning of any dangers known to him, or which in the exercise of reasonable care he should have known and which the user of the product obviously could not discover. Reasonable care means that degree of care which a reasonably prudent person would exercise under the same circumstances.

Electrolux did design, manufacture and distribute and Sears did sell, the PoulanPro Lawn Tractor made the basis of this lawsuit, and these defendants knew or should have known that the PoulanPro Lawn Tractor was dangerous when put to its intended use;

Electrolux and Sears had no reason to believe that the foreseeable operator would know of the dangerous condition of the PoulanPro Lawn Tractor mower decking design;

Electrolux and Sears negligently warned or failed to warn about the dangerous condition; and

Plaintiff, Timothy Morgan, was caused to be injured by these defendants' negligence.

2.    The essential elements of wanton failure to warn are:

a.    The manufacturer and/or designer of a product who deliberately designs a product that it knows will likely or probably result in injury to the user if used in a way which the manufacturer and/or designer foresees it will be used, is under a duty to exercise reasonable care to give reasonable and adequate warning of any dangers known to him, or which in the exercise of reasonable care he should have known and which the user of the product obviously could not discover.

Electrolux did design and distribute and Sears did sell, the PoulanPro Lawn Tractor made the basis of this lawsuit, and these defendants knew or should have known that the PoulanPro Lawn Tractor was dangerous when put to its intended use;

Electrolux and Sears had no reason to believe that the foreseeable user would know of the dangerous condition of the PoulanPro Lawn Tractor mower decking design;

Electrolux and Sears, with conscious disregard for the operator's safety and with knowledge that injury would likely or probably result from the absence of adequate warning, wantonly failed to warn about the dangerous condition; and

Plaintiff, Timothy Morgan, was caused to be injured by these defendants' wanton conduct.

There were no warnings whatsoever placed on the PoulanPro Lawn Tractor, warning the Plaintiff that in the event the discharge chute became dislodged, as it did here, that the Plaintiff's foot would be exposed to the radius of the spinning blades.  There were no warnings in the Owner's Manual either.  There were no warnings on the PoulanPro Lawn Tractor or in the Owner's Manual, warning the operator not to place his or her foot on the deflector chute.  The mower deck design was deliberately designed to expose the operator to the radius of the spinning blades if the discharge chute became dislodged.   The defendants' consciously disregarded the plaintiffs' safety, by failing to warn of a foreseeable event.   At the very least, the defendants negligently failed to place a simple warning either in the Owner's Manual or on the Lawn Tractor, or both, warning the user of the potential for exposure to the spinning blades in the event the discharge chute became dislodged, as it did in this case.

D.     Breach of Implied Warranty of Merchantability

1.     The essential elements of Breach of Implied Warranty of Merchantability are:

a.     The defendants' were regularly in the business of selling lawn tractors;

b.     That defendants' sold the PoulanPro Lawn Tractor to the Plaintiffs;

c.     That the PoulanPro Lawn Tractor was not suitable or fit for the ordinary purpose for which lawn tractors are used; and

d.     That Plaintiff, Timothy Morgan, was caused to be injured by the breach of the promise or warranty.

Plaintiffs' claim that the design of the lawn tractor's mower deck was defective given that the hole in the top of the mower deck exposed the user to the radius of the spinning blades in the foreseeable event the discharge chute became dislodged from the mower deck, as it did in this case.  Given this type of dangerous defect, Plaintiffs' allege that the PoulanPro Lawn Tractor made the basis of this

lawsuit was not suitable or fit for the ordinary purposes for which lawn tractors are used, i.e., cutting grass.

E.     Loss of Consortium

1.     The essential elements of Loss of Consortium are:

a.     The right of a wife to her husband's company, fellowship, cooperation and assistance in the marital relationship as a partner in the family unit. Loss of consortium includes the impaired ability of her husband to perform his usual services in the care of the home, including the education and rearing of the children, as well as her loss of his society, companionship and comfort, taking into account the length of time of such loss and the reasonably certain duration of future loss of consortium.

Plaintiff, Carol Morgan has suffered great loss due to her husband's injuries and disabilities sustained in the accident made the basis of this lawsuit.

2.     A listing of what each party understands to be the essential elements of each defendants' defenses with a separate listing for each defense

Based upon the position of the defendants, as stated in the Pretrial Order, it is anticipated that defendants' may raise the following defenses:

A.     No Causal Relation Defense

The essential elements of this defense are that in the event that the jury finds that the product was in a defective condition, then, in that event, Sears charges that it is in the business of selling Lawn Tractors; that Sears did not contribute to this defective condition; that Sears had neither knowledge of the defective condition, nor an opportunity to inspect the PoulanPro Lawn Tractor which was superior to the knowledge or opportunity of the Plaintiffs.

B.     Product Misuse Defense

The essential elements of the product misuse defense are that the Plaintiff, Timothy Morgan, used the PoulanPro Lawn Tractor in a way that was not

intended or not reasonably foreseeable by the defendants and that this misuse caused the injury to the Plaintiff.

        C.      <u>Contributory Negligence</u>

The essential elements of contributory negligence are the failure of the plaintiff to exercise reasonable care in the use of the PoulanPro Lawn Tractor; that is, the failure to use such care as a reasonably prudent person would have exercised under the same or similar circumstances.  Therefore, contributory negligence is the failure on the part of the plaintiff to do what a reasonably prudent person would have done in the use of the PoulanPro Lawn Tractor under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

        D.      <u>Lack of Causation</u>

The essential elements of lack of causal connection are that if the PoulanPro Lawn Tractor was defective when it was sold, the defendants did nothing to cause it to be defective.  The defendants are in the business of designing, manufacturing and/or selling the PoulanPro Lawn Tractors as a finished product; the defendants did not contribute to the defective condition in the PoulanPro Lawn Tractor; the defendants had no knowledge of the defective condition; and the defendants had no better opportunity to inspect the PoulanPro Lawn Tractor than the Plaintiffs.

3.      <u>A listing of any special evidentiary or other anticipated legal problems with case or statutory citations to support each party's position with regard thereto.</u>

        A.      The undersigned anticipates no special evidentiary or other legal problems.

                                                                   Respectfully Submitted,

                                             /s/    Rex  W.  Slate_____
                                             Rex W. Slate (ASB-6934-A63R)
                                             Attorney for Plaintiffs

OF COUNSEL:
SMITH & ALSPAUGH, P.C.
1100 Financial Center
505 20th Street North
Birmingham, Alabama 35203-4640
Tel: (205) 324-8910
Fax: (205) 324-8929
slate@smithalspaugh.com

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing has been served on the following counsel of record, by electronic filing and/or by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed on this the 31st day of March, 2008:

Dennis R. Bailey, Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

/s/   Rex W. Slate
OF COUNSEL